IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| *In Re* Ex Parte Application of<br><br>POINT 2 POINT GLOBAL SECURITY, INC.<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Testimony from Michael T. West for use in Foreign Proceedings | Case No. 3:19-CV-00846 |

### EX PARTE APPLICATION OF POINT 2 POINT GLOBAL SECURITY, INC. FOR AN ORDER TO OBTAIN TESTIMONY PURSUANT TO 28 U.S.C. §1782(a) FOR USE IN FOREIGN PROCEEDINGS

COMES NOW, the Plaintiff, Point 2 Point Global Security, Inc., (hereinafter "Point 2 Point") by and through its undersigned local attorneys, and pursuant to United States Code Article 28 Section 1782(a) brings this Ex Parte[1] Application/Motion to Compel the deposition testimony of Michael T. West for use in a foreign tribunal, and in support thereof states as follows:

1.  Plaintiff, Point 2 Point, initiated a civil claim in the Supreme Court of British Columbia, Case No. VLC-S-S-134398 (hereinafter "British Columbia Action"), against Defendants, Investigation Et Securite Protec, Inc., and Protec Investigation and Security (hereinafter "Protec"), and Elite Retail Solutions, Inc. (hereinafter "Elite") (hereinafter collectively

---

[1] The United States District Court for the Northern District of Texas has found that ex parte filing of an application for discovery under 28 U.S.C. § 1782 is permissible. *See In re Application of Eurasian Bank Joint Stock Co. for Expedited Judicial Assistance Pursuant to 28 U.S.C. § 1782.*, 3:15-MC-106-L-BN, 2015 WL 6438256, at *1 (N.D. Tex. Oct. 21, 2015) (citing *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (explaining that "it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*" and that "[t]he respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure."))

referred to as "Defendants").  *See Notice of Civil Claim*, a true and correct copy of which is attached hereto as "Exhibit 1A."

2.  The British Columbia action arises out of a contract dispute and claims of negligence related to the performance by Protec of a subcontract for the transportation of jewelry.

3.  Michael West was Point 2 Point's representative who negotiated and drafted the Protec Contract and conducted all communications with Protec regarding the transport of the jewelry at issue. Michael West has knowledge of the facts in dispute in the British Columbia Action and has information relevant to Point 2 Point's claims against Protec and Protec's defenses and counterclaims.

4.  Michael West is no longer employed with Point 2 Point and, upon information and belief, resides in Keller, Texas.  *See* Affidavit of Sergio Arrieta, a true and correct copy of which is attached hereto as "Exhibit 2."

5.  28 U.S.C. § 1782 provides in relevant part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given . . . before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

6.  Point 2 Point is a person interested in the proceedings pending in the British Columbia action, as it is a party to that action.

7.  Point 2 Point requests that Michael West be compelled to provide deposition testimony for use in the British Columbia Action. Michael West was intimately involved in the

negotiation and drafting of the contracts at issue in the British Columbia Action and has information relevant to the facts in dispute in the British Columbia Action. Mr. West's testimony will be exclusively for use in the British Columbia Action.

8. Point 2 Point incorporates the Brief in Support of this Motion, filed contemporaneously, as though set forth fully herein.

WHEREFORE, Plaintiff, Point 2 Point Global Security Inc., respectfully requests this Honorable Court:

(a) Grant this Application/Motion to Compel;

(b) Order Michael West to appear for and provide deposition testimony in the British Columbia Action before a notary public authorized to issue an oath in the State of Texas;

(c) Order that the deposition of Michael West be conducted pursuant to the practice and procedure of the Supreme Court of British Columbia;

(d) Order that the deposition may be taken via video conference and that counsel to the British Columbia Action may attend the deposition via video conference; and

(e) Order that upon application, the clerk issue a subpoena for Michael West to appear at a deposition on a date and time and to be determined, and at the offices of Quintairos, Prieto, Wood and Boyer, 1700 Pacific Avenue, Suite 4545, Dallas, TX 75201.

Respectfully submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**


By:  /s/ Megan Nguyen
     **MEGAN NGUYEN**
     State Bar No. 24092899
     Megan.nguyen@qpwblaw.com

1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
(214) 754-8755
(214) 754-8744 (Fax)

*Attorneys for Movant, Point 2 Point*